**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JORDAN TODD | : | |
| 605 A East Church Street | : | |
| West Unity, OH 43570 | : | Case No. 3:14-cv-377 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | |
| GLADIEUX CORPORTION | : | Jury Demand Endorsed Herein |
| C/O Statutory Agent: | : | |
| THE PRENTICE HALL CORPORATION | : | |
| SYSTEM | : | |
| 50 W. Broad Street, Suite 1800 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

## JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201, *et seq*., the Ohio Prompt Pay Act and the Ohio Minimum Fair Wage Standards Act.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and Defendant has done substantial business in the Northern District of Ohio.

## PARTIES

4.     The Plaintiff, Jordan Todd ("Plaintiff"), is an individual, a United States Citizen, and a resident of the State of Ohio.

5.     At all times relevant herein, Plaintiff was an employee of Defendant Gladieux Corporation ("Defendant") as defined in the FLSA.

6.     Upon information and belief, Defendant is a foreign corporation registered to do business in Ohio.

7.     At all times relevant herein, Plaintiff was an employee of Defendant as defined by O.R.C. Chapter 4111 and O.R.C. Chapter 4113.

8.     Defendant is an "employer" as the FLSA and the Ohio Revised Code, Chapters 4111 and 4113 define that term.  Defendant was Plaintiff's employer at all times material herein.

9.     Upon information and belief, Defendant conducts substantial business in the Northern District of Ohio.

## FACTUAL BACKGROUND

11.     Plaintiff began working for Defendant in June of 2011.

12.     Defendant Gladieux is in the business of operating restaurants in the toll plaza where Plaintiff was employed.

13.     Plaintiff was hired by Defendant as a Fast Food Attendant at Sbarro Pizza but was eventually promoted to Shift Manager.

14.     Plaintiff worked at Sbarro located in the Gladieux toll plaza located at 21747 County Road M-50, West Unity, OH 43570.

15.     Plaintiff was responsible for overseeing the operations of the Sbarro store, including management of other employees.

16.     At all times relevant herein, Plaintiff was paid hourly.  As such, Plaintiff was classified as non-exempt.

17.     Plaintiff was paid an hourly wage of $7.60 when he began working for Defendant and received a raise when he was promoted to Shift Manager.

18.     Plaintiff was making $12.24 per hour at the time of his termination.

19.     Plaintiff used a Micros system to clock in and out, using a time card that is swiped through the time keeping mechanism.

20.     In June of 2012, Plaintiff was informed by Operations Manager, Kristy Sonnenberg, that a "no overtime" policy would be enforced going forward.

21.     This meant that all employees, including Plaintiff, were strictly prohibited from working over 40 hours per week.

22.     Plaintiff would often have to send other subordinate employees home when they reached 40 hours worked in one week to ensure no overtime hours were incurred, even though there was still work to be done.

23.     However, sending these employees home meant the work that needed to be done at Sbarro would not be done unless Plaintiff performed the work himself.

24.     As Manager, it was Plaintiff's responsibility to ensure Sbarro was run correctly.

3

25.     Because there was a "no overtime" policy in place, Plaintiff clocked out after he worked 40 hours and continued working, off the clock, to perform these tasks.

26.     Plaintiff was afraid of being fired for incurring overtime hours.

27.     In or about July of 2013, Defendant became aware that Plaintiff was repeatedly working overtime hours off the clock and not being paid.

28.     Around this time, Sonnenberg was also forcing Plaintiff and other employees to falsify time cards.

29.     If an employee forgot to clock out at the end of his or her shift, Sonnenberg would access the Micros system and alter that employee's time card to reflect the scheduled clock-out time.

30.     Sonnenberg required Plaintiff and other employees to forge the signature of the employee whose time card was inaccurate.

31.     On or about July 15, 2013, Plaintiff reported this practice to the Department of Labor.

32.     Upon information and belief, the Department of Labor performed an investigation but Plaintiff did not personally witness this.

33.     After Plaintiff reported this to the Department of Labor, he was approached by Sharon Davis, Human Resources Clerk and Julie Chambers, Human Resources Director of Ohio, who were at Plaintiff's Sbarro location to investigate the allegations against Sonnenberg.

34.     Davis and Chambers told Plaintiff they knew he was working off the clock.

35.     Plaintiff does not know how Davis and Chambers became aware of this.

36.     Plaintiff admitted to working off the clock and explained that, as a manager, he was the only person able to do so because all other employees had been sent home to avoid violating the "no overtime" policy.

37.     Plaintiff was told he could be terminated immediately for violating the overtime policy.

38.     Despite Defendant's knowledge that Plaintiff worked many overtime hours without being paid, he has still not been compensated.

39.     As a result of this, Plaintiff resigned in September of 2013.

**COUNT I**
**FLSA – Failure to Pay Minimum Wage**

40.     All of the preceding paragraphs are realleged as if fully rewritten herein.

41.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

42.     During the three years preceding the filing of this Complaint, Defendant employed Plaintiff as a manager of Sbarro restaurant, located in the Gladieux toll plaza located at 21747 County Road M-50, West Unity, OH 43570.

43.     In or about June of 2012, Operations Manager, Kristy Sonnenberg, informed Plaintiff that there was a "no overtime policy."

44.     Plaintiff was told he could not work overtime under any circumstances.

45.     Yet, Plaintiff routinely worked in excess of 40 hours per week because substantial work still needed to be performed and as the Manager, this work was Plaintiff's responsibility.

46.     Plaintiff was not paid any wage for hours worked over 40 hours per week.

47.     Defendant was or should have been aware that it failed to pay Plaintiff minimum wage for each hour worked.

48.     The Defendant's repeated and knowing failure to pay minimum wage to Plaintiff was a violation of the FLSA.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable.   In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as a result of Defendant's willful failure and refusal to pay minimum wage.

**COUNT II**
**(FLSA – Unpaid Overtime)**

50.     All of the preceding paragraphs are realleged as if fully rewritten herein.

51.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

52.     During the three years preceding the filing of this Complaint, Defendant employed Plaintiff.

53.     At all times relevant herein, Plaintiff was employed as a manager of Sbarro restaurant, located in the Gladieux toll plaza located at 21747 County Road M-50, West Unity, OH 43570.

54.     In or about June of 2012, Operations Manager, Kristy Sonnenberg, that there was a "no overtime policy."

55.     Plaintiff was told he could not work overtime under any circumstances.

56.     Yet, Plaintiff routinely worked in excess of 40 hours per week because substantial work still needed to be performed and as the Manager, this work was Plaintiff's responsibility.

57.     Plaintiff should have been paid for any hours worked in excess of 40 hours per week.

58.     Defendant knew or should have known of the overtime payment requirement of the FLSA.

59.     In fact, Plaintiff's manager, Ms. Sonnenberg, and Defendant's Human Resources Department were aware he was working overtime hours and not being paid.

60.     During the past three years, Defendants have knowingly and willfully failed to pay Plaintiff the overtime wages he was due.

61.     The job duties Plaintiff had in the three years preceding the filing date of this Complaint did not exempt him from the overtime pay requirements, or any other requirement of the FLSA.

62.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable.  In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT III
## ORC 4113.15 – Unpaid Wages

63.     All of the preceding paragraphs are realleged as if fully rewritten herein.

64.     Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

65.     Defendant did not pay Plaintiff for any hours worked over 40 hours per week from approximately June of 2012 until his resignation in September of 2013.

66.     Plaintiff requested payment for these hours worked, but Defendant still refused to pay.

67.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable.  In addition, Plaintiff seeks

liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's conduct.

## COUNT IV
### (O.R.C. § 4111.03 OMFWSA — Unpaid Overtime)

68.     All of the preceding paragraphs are realleged as if fully rewritten herein.

69.     This claim is brought under Ohio Law.

70.     Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was, and continues to be, a violation of Section 4111.03 of the Ohio Revised Code.

71.     For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT V
### (O.R.C. § 4111.02 OMFWSA- Failure to Pay Minimum Wage)

72.     All of the preceding paragraphs are realleged as if fully rewritten herein.

73.     This claim is brought pursuant to the Ohio Minimum Fair Wage Standards Act.

74.     Section 4111.02 of the Ohio Revised Code requires an employer to pay its employees at a wage rate not less than the minimum wage rate set forth in the Ohio Constitution.

75.     Plaintiff performed full-time work for Defendant until his termination.

76.     Defendant unlawfully refused to pay Plaintiff for any hours worked over 40 hours per week.

77.     Plaintiff informed Defendant that it failed to pay him the required minimum wages for each hour worked.

78.     The Defendant's knowing failure to pay minimum wage to Plaintiff was, and continues to be, a violation of the OMFWSA.

79.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages.  In addition, Plaintiff seeks liquidated damages, interest and

attorneys' fees, costs, and all other remedies available, as result of Defendant's willful failure and refusal to pay minimum wage.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
937-834-0069 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com

Greg R. Mansell (0085197)
**Mansell Law LLC**
1457 S. High Street
Columbus, OH 43207
614-410-4134 (Phone)
513-826-9311 (Fax)
Greg.Mansell@Ohio-
EmploymentLawyer.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel A. Sabo*

Rachel A. Sabo (0089226)